IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY G. BAIR,** | : | |
| | : | **CIVIL NO. 1:15-CV-0817** |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **BARATZ DENTAL, LLC;** | : | |
| **SCOTT BARATZ; AND** | : | |
| **LESLEY BARATZ,** | : | |
| | : | **Judge Sylvia H. Rambo** |
| Defendants | : | |

\* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| | : | |
| **BETH T. GINGROW,** | : | |
| | : | **CIVIL NO. 1:15-CV-0818** |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **BARATZ DENTAL, LLC;** | : | |
| **SCOTT BARATZ; AND** | : | |
| **LESLEY BARATZ,** | : | |
| | : | **Judge Sylvia H. Rambo** |
| Defendants | : | |

# **MEMORANDUM**

Presently before the court are Defendants' motions to dismiss Counts II and IV of Plaintiffs' complaints pursuant to Federal Rule of Procedure 12(b)(6) for failure to

1

state a claim.[1] For the following reasons, the court concludes that Plaintiffs sufficiently pleaded their causes of action and will deny Defendants' motions to dismiss.

**I.      Background**

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Thus, for the purposes of the motions *sub judice*, the court only considers the allegations contained in the complaints and will accept as true all well-pleaded factual allegations contained therein. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

**A.      Facts**

On January 18, 2010, Defendant Baratz Dental, LLC ("Baratz Dental") purchased a dental practice located within the Middle District of Pennsylvania from Dr. Walter Moust ("Dr. Moust"). (*Bair v. Baratz Dental LLC*, Civ. No. 1:15-cv-0817, Doc. 1-1, ¶¶ 2, 5 (M.D. Pa. Mar. 20, 2015); *Gingrow v. Baratz Dental, LLC*, Civ. No. 1:15-cv-0818, Doc. 1-1, ¶¶ 2, 5 (M.D. Pa. Mar. 31, 2015).) Prior to the purchase, Dr. Moust had two long-time employees, his office manager, Plaintiff Mary Bair ("Plaintiff Bair"), and his

---

[1] Although the captioned actions were brought separately, both actions have the same defendants and were filed under the same causes of action. In addition, the plaintiffs are represented by the same counsel and the defendants are represented by the same counsel. Although the court has deferred its consideration of whether to consolidate these actions pending disposition of the instant motions to dismiss, the court will, for purpose of brevity, address both motions simultaneously herein.

2

dental hygienist, Plaintiff Beth Gingrow ("Plaintiff Gingrow") (collectively, "Plaintiffs"). (*Id.*) Both employees retained their positions after the purchase and were paid an hourly rate of $26, until they were terminated from their positions by text message in January, 2014. (*Id.*)

Relying on their final paystubs, Plaintiffs allege in Count I of their complaints that, at the time of their termination, they each had approximately ninety hours of unused, earned vacation time for which they are entitled to be paid. (*Bair*, Doc. 1-1, ¶¶ 20-21; *Gingrow*, Doc. 1-1, ¶¶ 20-21.) Defendants, however, have refused to pay them for this accrued time, despite Plaintiffs' demands for the same. (*Bair*, Doc. 1-1, ¶¶ 22; *Gingrow*, Doc. 1-1, ¶¶ 22.)

In Count IV of their complaints, Plaintiffs further allege that, despite working in a loyal and satisfactory manner, they were abruptly terminated from their positions and provided no explanation for the adverse action. (*Bair*, Doc. 1-1, ¶¶ 42, 45; *Gingrow*, Doc. 1-1, ¶¶ 37, 39.) Thereafter, Plaintiffs were replaced by younger employees at lower wage rates. (*Bair*, Doc. 1-1, ¶¶ 46-47; *Gingrow*, Doc. 1-1, ¶¶ 40-41.) Plaintiffs also assert that, at all times relevant hereto, they belonged in a protected age class and that Defendants employed four or more persons.[2] (*Bair*, Doc. 1-1, ¶¶ 41, 43; *Gingrow*, Doc. 1-1, ¶¶ 36, 38.)

---

[2] According to the complaint, Baratz Dental also employed Defendants Scott Baratz and Lesley Baratz. (*Bair*, Doc. 1-1, ¶¶ 3-4; *Gingrow*, Doc. 1-1, ¶¶ 3-4.)

3

### B. Procedural History

Plaintiffs initiated this lawsuit by filing individual complaints in the Court of Common Pleas of York County, Pennsylvania, wherein they each assert a violation of the Fair Labor Standards Act ("FLSA") (Count I), a violation of the Pennsylvania Wage Payment and Collection Law ("WPCL") (Count II), wrongful termination (Count III), and a violation of the Pennsylvania Human Relations Act ("PHRA") (Count IV). (*Bair*, Doc. 1-1; *Gingrow*, Doc. 1-1.) On April 24, 2015, Defendants removed both actions to the Middle District of Pennsylvania. (*Id.*)

On May 12, 2015, Defendants filed the instant motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss Counts II and IV of the complaints. (*Bair*, Doc. 7; *Gingrow*, Doc. 8.) Defendants filed briefs in support of the motions on May 13, 2012. (*Bair*, Doc. 9; *Gingrow*, Doc. 10.) On May 18, 2015, Plaintiffs filed briefs in opposition to the motions to dismiss (*Bair*, Doc. 10; *Gingrow*, Doc. 11), and Defendants replied on June 1, 2015 (*Bair*, Doc. 12; *Gingrow*, Doc. 12). Thus, this matter has been fully briefed and is ripe for consideration.

## II. Legal Standard

Defendants' motions to dismiss challenge Counts II and IV of Plaintiffs' complaints pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a), which requires that a complaint contain a short and plain statement of the claim showing that the

pleader is entitled to relief "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Thus, when adjudicating a motion to dismiss for failure to state a claim, the court must view all of the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom.  *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)).  However, the court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint.  *See Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (stating that district courts "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions").

Ultimately, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Iqbal*, 556 U.S. at 679; *see also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The "plausibility standard" requires "more than a sheer

5

possibility" that a defendant is liable for the alleged misconduct. *Reuben*, 500 F. App'x at 104 (citing *Iqbal*, 556 U.S. at 678). Rather, the complaint must show the plaintiff's entitlement to relief with its facts. *Steedley v. McBride*, 446 F. App'x 424, 425 (3d Cir. 2011) (citing *Fowler*, 578 F.3d at 211). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alterations in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555).

To evaluate whether allegations in a complaint survive a Rule 12(b)(6) motion, the district court must initially "tak[e] note of the elements a plaintiff must plead to state a claim." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (alteration in original) (citation omitted). Next, the court should identify allegations that "are no more than conclusions" and thus, "not entitled to the assumption of truth." *Id*. Lastly, "where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id*.

A complaint "may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 588 n.8). Rule 8 "'does not impose a probability requirement at the pleading stage,' but instead

6

'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s]." *Id*. at 234 (quoting *Twombly*, 550 U.S. at 545).

**III.        Discussion**

Defendants' motions to dismiss challenge the viability of Plaintiffs' WPCL and PHRA claims. The court will address Defendants' arguments in turn.

**A.        Pennsylvania Wage Payment and Collection Law**

In their WPCL claims, Plaintiffs allege that they are entitled to payment for unused, earned vacation time. Defendants contend, however, that Plaintiffs' claims should be dismissed because Plaintiffs have failed to plead the existence of a contract between the parties. Specifically, Defendants argue that Pennsylvania law does not require an employer to pay former employers earned vacation time upon termination unless expressly contemplated by an underlying employment contract between the employer and employee. (*Bair*, Doc. 9, p. 2 of 12; *Gingrow*, Doc. 10, p. 2 of 12.) Defendants argue that no such contract existed here and that, instead, Defendants have an employment policy precluding any such payment. (*Bair*, Doc. 9, p. 2, 4 of 12; *Gingrow*, Doc. 10, p. 2, 4 of 12.)

At this stage of the litigation, however, the court considers neither the employment policy nor the declaration that Defendants submit as extrinsic evidence in support of the instant motions. The issue presently before the court is whether Plaintiffs have adequately pleaded that they earned compensation and whether such compensation, including vacation days, is covered by the WPCL.

7

The WPCL provides, in pertinent part, "[w]henever an employer separates an employe[e] from the payroll . . . the wages or compensation earned shall become due and payable not later than the next regular payday of his employer on which such wages would otherwise be due and payable." 43 P.S. § 260.5(a). The WPCL defines wages as "all earnings of an employe[e]," including "fringe benefits or wage supplements." 43 P.S. § 260.2a. "Fringe benefits or wage supplements" is defined as "vacation, holiday, or guaranteed pay . . . and any other amount to be paid pursuant to an agreement to the employe[e]." *Id.* Accordingly, vacation days are explicitly contemplated under the WPCL, provided that they have been earned at the time of termination. *Morrison v. AccuWeather, Inc.*, Civ. No. 14-CV-0209, 2014 WL 6634909, *6 (M.D. Pa. Nov. 21, 2014).

As Defendants highlight in their motion to dismiss, a WPCL claim for earned vacation time must be premised upon a contractual relationship between the employer and employee entitling the employee to such payment. *See Euceda v. Millwood, Inc.*, Civ. No. 3:12-cv-0895, 2013 WL 4520468, *3 (M.D. Pa. Aug. 26, 2013) ("Pennsylvania courts and federal courts applying Pennsylvania law have found a *de facto* requirement that the parties be in a contractual relationship."). As the Third Circuit has explained, the "WPCL does not create a right to compensation. Rather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages. The contract between the parties governs in determining whether specific wages

8

are earned." *Id.* (citing *Weldon v. Kraft, Inc.,* 896 F.2d 793, 801 (3d Cir.1990) (citing *Sendi v. NCR Comten, Inc.,* 619 F.Supp. 1577, 1579 (E.D.Pa.1985)). Stated differently, "the [WPCL] provides employees a statutory remedy to recover wages and other benefits that are *contractually* due to them." *Id.* at *4 (citing *In re Cargill Meat,* 632 F. Supp. 2d 368, 397 (M.D. Pa. 2008) (quoting *Oberneder v. Link Computer Corp.,* 696 A.2d 148, 150 (Pa.1997) (emphasis in original))).

Despite this apparent emphasis on a contractual obligation to pay earned wages and benefits, however, the Third Circuit has considered the possibility that WPCL claims may be predicated on contractual obligations arising from agreements other than formal employment contracts. *Euceda*, 2013 WL 4520468, at *4. For instance, in *De Asencio v. Tyson Foods, Inc.,* 342 F.3d 301 (3d Cir. 2003), the Third Circuit held that to access the WPCL when "employees do not work under an employment contract or a collective bargaining agreement, plaintiffs will have to establish the formation of an implied oral contract between [the employer] and its employees." *Id.* at 309; *see also Braun v. Wal–Mart Stores, Inc.*, 24 A.3d 875, 954 (Pa. Super. Ct. 2011) ("[A]bsent a formal employment contract or collective bargaining agreement, an employee raising a WPCL claim would have to establish, at a minimum, an implied oral contract between the employee and employer."). Accordingly, contrary to Defendants' argument, Plaintiffs need not plead the existence of a formal employment contract. Rather, Plaintiffs need only

9

plead the existence of some contractual agreement, whether express or implied, between the parties as to the payment of wages. *Euceda*, 2013 WL 4520468, at *4.

Although Plaintiffs' pleadings include only minimal factual support for the existence of such an agreement, Plaintiffs allege that they are entitled to unused, earned vacation time "in accordance with [their] pay stub[s]." (*Bair*, Doc. 1-1, ¶ 20; *Gingrow*, Doc. 1-1, ¶ 20.) As such, the court finds that Plaintiffs have sufficiently alleged a contractual obligation by which Defendants were bound to pay Plaintiffs for their accrued vacation time. While Defendants contend that any vacation time noted on Plaintiffs' paystubs "indicate[d] vacation hours *that* [could] *be earned should the employee be employed for the entire year ahead,*" (*Bair*, Doc. 9, p. 5 of 12; *Gingrow*, Doc. 10, p. 5 of 12), it is not for the court to determine at this juncture whether Plaintiffs had previously earned those vacation days under the WPCL such that they are entitled to payment for those benefits. A more complete factual record on this issue must be developed. Therefore, the court finds that Plaintiffs have adequately pleaded their WPCL claims and will deny Defendants' motions to dismiss Count II of Plaintiffs' complaints.

### B. The Pennsylvania Human Relations Act

In their motions to dismiss, Defendants also contend that the PHRA is inapplicable in this instance because it applies only to employers with four or more

employees and Defendant Baratz Dental employed no more than three employees at any one time during Plaintiffs' tenure.[3] (*Bair*, Doc. 9, p. 3 of 12; *Gingrow*, Doc. 10, p. 3 of 12.)

The PHRA applies to employers employing four or more persons and provides that it is unlawful for such an employer to discriminate against any individual on the basis of age. 43 P.S. §§ 954(b), 955(a). In order to establish a *prima facie* case of age discrimination pursuant to the PHRA, a plaintiff must show that: (1) she was forty years of age or older at the time in question; (2) the defendant took an adverse employment action against her; (3) she was otherwise qualified for her position; and (4) the adverse employment action occurred under circumstances which "raise an inference" of unlawful age discrimination. *Hibbard v. Penn-Trafford Sch. Dist.*, Civ. No. 13-cv-622, 2014 WL 640253, *5 (W.D. Pa. Feb. 19, 2014) (citing *Smith v. City of Allentown*, 589 F.3d 684, 689-92 (3d Cir. 2009)).

The court finds that Plaintiffs sufficiently pleaded each of the four elements necessary to establish a *prima facie* case of age discrimination under the PHRA. Indeed, Defendants' only challenge to the sufficiency of Plaintiffs' PHRA claims is that Defendant Baratz Dental did not employ four or more persons during Plaintiffs' tenure. In their complaints, however, Plaintiffs clearly allege that Defendants employed four or more

---

[3] Although Defendants discuss in depth the weight this court should give to the Pennsylvania Human Relation Committee's (the "PHRC") Interlocutory Order, the number of employees attributable to Defendants appears to be the only grounds upon which Defendants challenge the sufficiency of Plaintiffs' pleadings in regard to their PHRA claims. Further, the degree of significance the court affords the PHRC's decision has no bearing on whether Plaintiffs have alleged a cause of action under the PHRA. As such, the court will not discuss the import of the PHRC's Interlocutory Order at this time.

11

persons at all times relevant to the instant action, and provide the name of each employee. (*Bair*, Doc. 1-1, ¶¶ 3-5; *Gingrow*, Doc. 1-1, ¶¶ 3-5.)  The accuracy of this well-pleaded allegation is not at issue herein.  Therefore, accepting as true the factual allegations in the complaints and drawing all inferences from the facts alleged in the light most favorable to Plaintiffs, the court finds that Plaintiffs have properly pleaded their PHRA claims.

Accordingly, Defendants' motions to dismiss Count IV of Plaintiffs' complaints will be denied.

**IV.** **<u>Conclusion</u>**

For the reasons set forth above, the court finds that Plaintiffs sufficiently pleaded their causes of action as to Counts II and IV of their complaints and will deny Defendants' motions to dismiss in their entirety.

An appropriate order will issue.

 s/Sylvia H. Rambo  
United States District Judge

Dated:  September 24, 2015